**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ALINA CORMIER, | Civil Action Number: 1:23-cv-1435 |
|       Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| MCGAUGHEY REBER AND ASSOCIATES DBA DIVERSIFIED CREDIT SYSTEMS, EXPERIAN INFORMATION SOLUTIONS INC, AND TRANS UNION LLC, | |
| | **DEMAND FOR JURY TRIAL** |
|       Defendants. | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff ALINA CORMIER ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Complaint* against Defendants MCGAUGHEY REBER AND ASSOCIATES DBA DIVERSIFIED CREDIT SYSTEMS referred to as ("Diversified"), Defendant EXPERIAN INFORMATION SOLUTIONS, INC referred to as ("Experian"), and Defendant TRANS UNION, LLC referred to as ("Transunion") collectively referred to as the ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PREMLIMINARY STATEMENT

1.    This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA"), and Tex. Bus. Code § 20.05.

## JURISDICTION & VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, and Plaintiff resides here.

4.      Under Fed. R. Civ. P. 20(a), joinder is proper where: (i) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

5.       At all times relevant Plaintiff was a resident of Harris County, Texas.

6.       At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c), and Tex. Bus. Code §20.09(b).

### McGaughey Reber and Associates dba Diversified Credit Systems

7.      Defendant Diversified is a "person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

8.      Defendant Diversified may be served with process through its registered agent M S McGaughey at 706 Glencrest lane, Suite A, Longview, TX 75601.

9.      As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to Equifax, Experian, and TransUnion.

**Defendant Experian**

10.     Defendant Experian Information Solutions, Inc., ("Experian") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a Texas company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

11.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

12.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Trans Union**

13.     Defendant Trans Union ("Transunion") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is an Illinois company registered to do business in the State of Texas and may be served with process upon The Prentice Hall Corporation System, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

14.     At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

15.    At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

### Defendant Diversified's Violations of 1681s-2b

16.    In October 2023, Plaintiff obtained a copy of her credit reports and discovered that Defendant Diversified was reporting an account with a false "collections" status, and an inaccurate and false balance due for approximately about $1,266 ("Collections Account").

17.    Diversified furnished the account with an Original Creditor listed as being KSC Ambulatory Surgery Center (the "Original Creditor").

18.    Prior to October 2023, Plaintiff received an account statement from KSC Ambulatory Surgery Center stating that she had no balance due because Plaintiff's medical insurance had fully paid the invoice.

19.    On October 9th, 2023, Plaintiff submitted a dispute with Experian and Transunion, informing them that the balance was incorrect and that the account was incorrectly reported as a collections account, and providing documents which included her account statement, evidence of her identity, and her social security number.

20.    Experian and Transunion forwarded Plaintiff's disputes, an Automated Consumer Dispute Verification form ("ACDV"), and all accompanying documents to Defendant Diversified.

21.    Despite Defendant Diversified receiving Plaintiff's dispute(s) from Experian and Transunion, ACDVs and accompanying documents, Defendant Diversified conducted a superficial investigation and reported back to the Credit Reporting Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

22.     Defendant Diversified did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

23.     Defendant Diversified negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached to the Plaintiff's disputes.

24.      Defendant Diversified did not correct or delete the inaccurate or erroneous information relating to the Collections Account but continued to report false and erroneous information to the Credit Reporting Agencies.

25.     As a result of the inaccurate information remaining on the Plaintiff's consumer reports relating to the Account, the Plaintiff has been denied multiple employment opportunities and will continue to be harmed and injured by Defendant's erroneous and inaccurate reporting for up to 7 years.

26.     Due to Defendant Diversified's negligent or willful failure to conduct a reasonable investigation the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, loss of job opportunities, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

27.     For these reasons, Defendant Diversified has willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

**Defendant Experian's violation of 1692i(a):**

28.     Defendant Experian reported the Collections Account with an erroneous wrong balance and false collection status.

29.    The credit report falsely indicated that the Account was in collections, severely affecting the Plaintiff's creditworthiness and reputation.

30.    On October 9th, 2023, Plaintiff disputed the Account with Defendant Experian detailing the inaccuracies and informing them that she had no knowledge of the account.

31.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact the Defendant Diversified or review the supplied documentation provided by the Plaintiff.

32.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Collections Account without checking the validity of Plaintiff's dispute.

33.    Defendant Experian did nothing more than parrot information from Defendant Diversified.

34.    In October 2023, Defendant Experian sent Plaintiff a cursory response stating the disputed debt was verified and would remain on her credit report.

35.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

36.    Plaintiff was subsequently denied job opportunities by creditors citing poor credit as reason for the denial.

37.    To this date Defendant Experian continues to publish false and erroneous information relating to the Collections Account on Plaintiff's Experian consumer reports.

38.    Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

39.    Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation the Plaintiff suffers from injury to her creditworthiness and reputation, potential lost job opportunities, credit denials, increased interest rates, lower credit limits, increased costs

of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

40.    Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian's violation of 1681e(b)**

41.    Defendant Experian did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained an erroneous Collections Account.

42.    Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained an erroneous Collections Account.

43.    Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to her consumer report and the Collections Account.

44.    Defendant Experian's failure to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

45.    Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

46.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Experian's violations of Tex. Bus. Code § 20.05.**

47.     At the time that Plaintiff was a patient with the Original Creditor, Plaintiff had medical insurance through both Medicaid and Cigna.

48.     Plaintiff's medical insurance was a part of her medical file that was serviced by the Original Creditor.

49.     Under Texas Business and Commerce Code Chapter 20, medical debts cannot be reported on consumer reports if the Consumer has medical insurance at the time the debt was incurred.

50.     Defendant Experian willfully or negligently violated Texas Business and Commerce code Chapter 20, by continuing to report a medical debt despite being repeatedly informed by Plaintiff that she did not recognize the Account and being reasonably aware that Plaintiff had insurance.

51.     Defendant Experian's failure to take adequate steps to verify that Plaintiff allegedly did not have insurance before Experian included it in the Plaintiff's consumer reports and later published the report to users, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

52.     Due to Defendant Experian's negligent or willful insistence on including a medical debt on Plaintiffs consumer report, despite Plaintiff having medical insurance, Plaintiff suffers from injury to her creditworthiness and reputation, potential lost job opportunities, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

53.     Defendant willfully or negligently failed to comply with its obligations under Tex. Bus. Code § 20.05.

**Defendant Transunion's violation of 1692i(a):**

54.    Defendant Transunion reported a Collections Account with an erroneous wrong balance and false collection status.

55.    The credit report falsely indicated that the Account was in collections, severely affecting the Plaintiff's creditworthiness and reputation.

56.    In October 2023 Plaintiff disputed the Account with Defendant Transunion detailing the inaccuracies and informing them that she had no knowledge on the account.

57.    Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact the Defendant Diversified or review the supplied documentation provided by the Plaintiff.

58.    Instead, Defendant Transunion relied solely on an automated system that verified the existence of the Collections Account without checking the validity of Plaintiff's dispute.

59.    Defendant Transunion did nothing more than parrot information from Defendant Diversified.

60.    In October 2023, Defendant Transunion sent Plaintiff a cursory response stating the disputed debt was verified and would remain on her credit report.

61.    Defendant Transunion did not provide a summary of the investigation or any substantiating documentation.

62.     Plaintiff was subsequently denied job opportunities by creditors citing poor credit as reason for the denial.

63.    To this date Defendant Transunion continues to publish false and erroneous information relating to the Collections Account on Plaintiff's Transunion consumer reports.

64.     Defendant Transunion failed to promptly delete or correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

65.     Due to Defendant Transunion's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

66.     Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion's violation of 1681e(b)**

67.     Defendant Transunion did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained an erroneous Collections Account.

68.     Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained an erroneous Collections Account.

69.     Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to her consumer report and the Collections Account.

70.     Defendant Transunion's failure to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer reports and later published the report to users,

and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

71.     Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy the Plaintiff suffers from injury to her creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

72.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violations of Tex. Bus. Code § 20.05.**

73.     At the time that Plaintiff was a patient with the Original Creditor, Plaintiff had medical insurance through Medicaid and Cigna.

74.      Plaintiff's medical insurance was a part of her medical file that was serviced by the Original Creditor.

75.     Under Texas Business and Commerce Code Chapter 20, medical debts cannot be reported on consumer reports if the Consumer has medical insurance at the time the debt was incurred.

76.     Defendant Transunion willfully or negligently violated Texas Business and Commerce code Chapter 20, by continuing to report a medical debt despite being repeatedly informed by Plaintiff that she did not recognize the Account and being reasonably aware that Plaintiff had insurance.

77.     Defendant Transunion's failure to take adequate steps to verify that Plaintiff allegedly did not have insurance before Transunion included it in the Plaintiff's consumer reports and later

published the report to users, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

78.     Due to Defendant Transunion's negligent or willful insistence on including a medical debt on Plaintiff's consumer report, and despite Plaintiff having medical insurance, Plaintiff suffers from injury to her creditworthiness and reputation, lost job opportunities, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

79.     Defendant willfully or negligently failed to comply with its obligations under Tex. Bus. Code § 20.05.

## FIRST CAUSE OF ACTION
### (Willful Violation of §1681s2-b as to Defendant Diversified)

80.     Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

82.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

83.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

84.    Defendant Diversified is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

85.    A reasonable investigation would require a furnisher such as Defendant Diversified to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

86.    The conduct, action and inaction of Defendant Diversified was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87.    Due to the conduct, action, and inaction of the Defendant, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

88.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Diversified in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### SECOND CAUSE OF ACTION
**(Negligent Violation of §1681s2-b as to Defendant Diversified)**

89.    Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*.

91.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

92.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher

must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

93.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

94.     Defendant Diversified is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

95.     A reasonable investigation would require a furnisher such as Defendant Diversified to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

96.     The conduct, action and inaction of Defendant Diversified was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

97.     Due to the conduct, action, and inaction of the Defendant, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

98.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Diversified in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
**Willful Violation of § 1681(e)(b) as to Defendant Experian**

99.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

100.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

101.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

102.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

103.    Due to the conduct, action, and inaction of the Defendant Experian, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

104.    The conduct, action and inaction of Experian was willful rendering Experian  liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

105.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### FOURTH CAUSE OF ACTION
**Negligent Violation of § 1681(e)(b) as to Defendant Experian**

106.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

107.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

108.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

109.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff

after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

110.    Due to the conduct, action, and inaction of the Defendant Experian, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

111.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

112.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## FIFTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Defendant Experian

113.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

114.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

115.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

116.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.   The failure to take adequate steps to verify information Experian had reason to
believe was inaccurate before including it in the credit report of the consumer.

117.   Due to the conduct, action, and inaction of the Defendant Experian, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

118.   The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

119.   Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Defendant Experian

120.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

121.   This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

122.   Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

123.   Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

124.    Due to the conduct, action, and inaction of the Defendant Experian, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

125.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

126.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## SEVENTH CAUSE OF ACTION
**Violations of the Texas Business and Commerce Code**
**Violation of Tex. Bus. Code § 20.05 as to Defendant Experian**

127.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

128.    This is an action for violation of the Texas Business and Commerce Code § 20 *et seq.*

129.    Defendant has willfully or negligently failed to comply with the Texas Business and Commerce Code. The failure of Defendant to comply with the Tex. Bus. Code includes:

a.    A consumer reporting agency may not furnish a consumer report containing information related to:

5.    A collection account with a medical industry code, if the consumer was covered by a health benefit plan at the time of the event giving rise to the collection and the collection is for an outstanding balance, after copayments, deductibles, and coinsurance, owed to an emergency care provider for an out of network benefit claim;

130.    Plaintiff placed a collection account on Plaintiff's credit in spite of her having medical insurance. But for Defendant's violation of the Tex. Bus. Code, Plaintiff would be able to obtain lines of credit and would have been spared the humiliation, embarrassment, and stress imposed upon Plaintiff to correct Defendant's erroneous reporting.

131.    As a result of Defendant's violations of the Tex. Bus. Code, Plaintiff has suffered a range of actual damages including, damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, and frustration.

132.    Defendant violated the Texas Business and Commerce Code § 20.05 in that its conduct, actions, and inaction were willful and negligent, rendering it liable for the greater amount of the actual damages suffered by Plaintiff pursuant to Tex. Bus. Code § 20.09(b).

### EIGHTH CAUSE OF ACTION
**Willful Violation of § 1681(e)(b) as to Transunion**

133.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

134.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

135.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning Plaintiff.

136.    Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8.      The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

137.    Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

138.    The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

139.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## <u>NINTH CAUSE OF ACTION</u>
### Negligent Violation of § 1681(e)(b) as to Transunion

140.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

141.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

142.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning Plaintiff.

143.    Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8.    The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

144.    Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

145.    The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

146.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## <u>TENTH CAUSE OF ACTION</u>
### Willful Violation of § 1681(i)(a) as to Transunion

147.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

148.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

149.    Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

150.    Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of

Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

151.    Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and adverse loan offerings, and a loss of ability to enjoy life.

152.    The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

153.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### <u>ELEVENTH CAUSE OF ACTION</u>
### Negligent Violation of § 1681(i)(a) as to Transunion

154.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

155.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.,

156.    Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable

reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

157.    Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

158.    Due to the conduct, action, and inaction of the Defendant Transunion, Plaintiff has suffered

a loss of creditworthiness, injury to her reputation, the pain and humiliation of credit denials and

adverse loan offerings, and a loss of ability to enjoy life.

159.    The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to

damages under 15 U.S.C. § 1681(o).

160.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an

amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**TWELTH CAUSE OF ACTION**
**Violations of the Texas Business and Commerce Code**
**Violation of Tex. Bus. Code § 20.05 as to Defendant Transunion**

161.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

162.    This is an action for violation of the Texas Business and Commerce Code § 20 *et seq.*

163.    Defendant has willfully or negligently failed to comply with the Texas Business and

Commerce Code. The failure of Defendant to comply with the Tex. Bus. Code includes:

   a.    A consumer reporting agency may not furnish a consumer report containing

        information related to:

        5.    A collection account with a medical industry code, if the consumer was

             covered by a health benefit plan at the time of the event giving rise to the

             collection and the collection is for an outstanding balance, after

             copayments, deductibles, and coinsurance, owed to an emergency care

             provider for an out of network benefit claim;

164.    Plaintiff placed a collection account on Plaintiff's credit in spite of her having medical

insurance. But for Defendant's violation of the Tex. Bus. Code, Plaintiff would be able to obtain

lines of credit and would have been spared the humiliation, embarrassment, and stress imposed upon Plaintiff to correct Defendant's erroneous reporting.

165.    As a result of Defendant's violations of the Tex. Bus. Code, Plaintiff has suffered a range of actual damages including, damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, and frustration.

166.    Defendant violated the Texas Business and Commerce Code § 20.05 in that its conduct, actions, and inaction were willful and negligent, rendering it liable for the greater amount of the actual damages suffered by Plaintiff pursuant to Tex. Bus. Code § 20.09(b).

## DEMAND FOR JURY TRIAL

167.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.    For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1681 against each Defendant;

2.    For damages provided and pursuant to Tex. Bus. Code §20.09(b) from Defendants Experian, Equifax, and Transunion;

3.    For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2) from Defendants Diversified, Experian, Equifax, and Transunion;

4.    For reasonable attorney fees and costs provided and pursuant to 15 U.S.C. § 1640(a)(3) from Defendant Diversified;

5. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.


DATED:   November 21, 2023                    Respectfully Submitted,

                                              **JAFFER & ASSOCIATES PLLC**
                                              <u>/s/ *Shawn Jaffer*</u>
                                              **Shawn Jaffer**
                                              Bar No.: 24107817
                                              5757 Alpha Road Suite 580
                                              Dallas, Texas 75240
                                              T: (469) 589-5605
                                              F: (888) 530-3910
                                              E-mail: wdtx@jaffer.law
                                              **Attorneys for Plaintiff**